Roy L. MORGAN, Plaintiff in Error,

v.

A. C. UNDERWOOD, Defendant in Error.

No. 36638.

Supreme Court of Oklahoma.

Jan. 10, 1956.

Rehearing Denied Feb. 7, 1956.

LeRoy Blackstock, William B. Jones, Tulsa, for plaintiff in error.

Robert B. Thomas, Tulsa, for defendant in error.

PER CURIAM.

A. C. Underwood sued Roy L. Morgan for damages alleging a breach of contract by the defendant resulting in a loss of profits that otherwise would have accrued to the plaintiff.

At the trial of the case there was testimony to the effect that the parties had entered into an oral agreement whereunder the plaintiff, with certain type of equip-

ment and at his expense, was to harvest the hay from certain tracts of land for the defendant, and for which the defendant was to pay the plaintiff at a rate of $10 per ton of hay so harvested.

The plaintiff harvested the hay from a portion of the said tracts and was paid therefor by the defendant, and the plaintiff then commenced a movement of his equipment to another of the tracts of land included in the agreement, but was stopped by the defendant from harvesting the hay thereon. This said tract consisted of approximately 1,800 acres of land then covered with grass sufficient to have produced approximately three-fourths tons of harvested hay per acre. Under similar conditions then and there existing the plaintiff had experienced a cost of operation of harvest of hay of approximately $5 per ton.

The trial resulted in a verdict and judgment for the plaintiff and against the defendant in the amount of $3,215.

In appeal from the judgment the defendant asserts the court erred in not sustaining his demurrer to the plaintiff's evidence and the defendant's motion for directed verdict, and that the evidence was insufficient to support the verdict and judgment.

It is argued that anticipated profits are too remote, speculative, and dependent upon uncertainties and changing conditions to warrant a judgment for their loss. Cases are cited of a similar expression as was applied to the particular state of facts existing in the case.

■ In Ash v. Charles F. Noble Oil & Gas Co., 96 Okl. 211, 223 P. 175, 176, this court said:

"While it is the general rule that damages which are uncertain or contingent cannot be recovered for the breach of a contract, yet such rule does not apply as to the uncertainty of the amount, but only to the uncertainty as to whether any damage or benefit has resulted in the breach of the contract involved."

It was held:

"A person damaged by breach of a contract and thereby deprived of anticipated profits may recover such prof-

its as damages where the same may be established with reasonable certainty and such profits were contemplated by the parties on the date of the execution of the breached contract."

In Megert v. Bauman, 206 Okl. 651, 246 P.2d 355, 356, said the Court:

"Loss of future or anticipated profits, if within the contemplation of the parties at the time contract is made and flowing directly or proximately from breach of contract, and capable of reasonably accurate measurement or estimate, is recoverable in an action for breach of contract."

Herein, under the testimony in the record showing the nature and origin of the agreement; that the plaintiff was experienced in the harvest of hay and owned proper equipment therefor, and the defendant owned certain acreages of grass lands and desired a harvest of the hay therefrom by another, and the parties came to an agreement that the plaintiff should harvest the hay and be paid therefor a stipulated sum of $10 per ton of hay, there is presented a clear inference that profits were anticipated with fulfillment of the agreement.

According to testimony there remained approximately 1,800 acres of grass lands covered by the agreement and ready for harvest when the defendant breached the agreement and refused to permit further harvest of the hay by the plaintiff, and said lands were covered by a grass crop and sufficient to have produced an average of approximately three-fourths tons per acre, and the plaintiff had in harvest in like conditions been experiencing an average cost of operation of $5 per ton.

■ We find the evidence is sufficient to permit a reasonably accurate measurement of the loss sustained by the plaintiff as the result of the defendant's breach of the contract, and that the evidence is sufficient to support the verdict that was rendered.

The judgment as entered by the trial court is affirmed. Judgment is here rendered in favor of the plaintiff and against the sureties on the supersedeas bond on file herein, such judgment on the supersedeas

bond to be entered and enforced by the trial court, as if there rendered.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, HALLEY, BLACK-BIRD, JACKSON and HUNT, JJ., concur.

The Court acknowledges the aid of The Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner REED and approved by Commissioners CRAWFORD and NEASE, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration, in conference, the foregoing opinion was adopted by the Court.